UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTWANE CARLISLE,

       Plaintiff,

-against-

P.O. RAMOS #0221; P.O. J. VAZQUEZ #1848; P.O. ROCKWOOD #0926; S.P.O. CONSTANTINI #0518; CITY OF NEW ROCHELLE; COUNTY OF WESTCHESTER,

       Defendants.

24-CV-9790 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

 Plaintiff, who currently is detained in the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated February 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

 Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants P.O. Ramos #0221; P.O. J. Vazquez #1848; P.O. Rockwood #0926; S.P.O. Constantini #0518; the City of New Rochelle; and the County of Westchester, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   February 18, 2025
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Parole Officer Ramos #0221
   3 Cottage Place
   New Rochelle, N.Y. 10801

2. Parole Officer J. Vazquez #1848
   3 Cottage Place
   New Rochelle, N.Y. 10801

3. Parole Officer Rockwood #0926
   3 Cottage Place
   New Rochelle, N.Y. 10801

4. Senior Parole Officer Constantini #0518
   3 Cottage Place
   New Rochelle, N.Y. 10801

5. City of New Rochelle
   New Rochelle Law Department
   515 North Ave
   New Rochelle, N.Y. 10801

6. County of Westchester
   148 Martine Avenue
   White Plains, N.Y. 10601