UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTWANE CARLISLE,

Plaintiff,

- against -

P.O. RAMOS #0221; P.O. J. VAZQUEZ #1848; P.O. ROCKWOOD #0926; S.P.O. CONSTANTINI #0518,

Defendants.
-----------------------------------------------------------x

**ORDER**

No. 24-CV-9790 (CS)

Seibel, J.

The Court is in receipt of a letter from Mr. Carlisle. (ECF No. 80). Mr. Carlisle seems to have misunderstood Federal Rule of Civil Procedure ("FRCP") 25. That Rule permits the substitution of "the proper party" in place of a deceased party. Fed. R. Civ. P. 25(a)(1). "[P]roper parties would include either (1) a successor of the deceased party – a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate." *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (cleaned up). Rule 25 does not allow a plaintiff to pick a new defendant because a defendant has died.

To the extent Plaintiff wishes to separately amend to add Bureau Chief Koshi as a defendant, that application is denied, for several reasons. First, Plaintiff already had ample opportunities to amend before the motion to dismiss and did not do so. I am not going to give him yet another opportunity now, after the motion has been decided and discovery is under way. Second, in any event, his allegations regarding Koshi, as they relate to the pending claims, are

conclusory. Koshi's supervisory position does not suffice to show personal involvement in alleged unconstitutional actions of subordinates. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020); *Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 386 (W.D.N.Y. 2006). Third, to the extent Plaintiff alleges Koshi's involvement in new events beyond those that are the subject of this case, they would have to be brought in a separate case; it would be disruptive and unmanageable to bring in new defendants and new claims at this stage.

To the extent Mr. Carlisle suggests that I should take action related to his state court criminal proceedings, he is incorrect. While I have supplemental jurisdiction over state-law claims brought in conjunction with federal claims, I have no jurisdiction over proceedings taking place in state court, so I will not interfere with his ongoing proceedings.

Mr. Carlisle requests information regarding the process to request a bench trial. He should consult FRCP 38(d), which allows withdrawal of a proper jury demand on consent of the parties. Mr. Carlisle also seeks information regarding how to depose Defendants and non-party witnesses. He should consult FRCP 30, regarding depositions on oral questions, and FRCP 31, regarding depositions on written questions. He may find the latter to be more practical and economical.

**SO ORDERED.**

Dated: October 15, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.